UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC., NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ABUMAYYALEH BROS LLC, MOHAMMAD ABUMAYYALEH, <br><br>Defendants. | No. 1:24-cv-01047-SEB-MKK |

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR ENTRY OF STIPULATED CONSENT INJUNCTION**

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Consent Injunction, dkt. 22, filed on December 27, 2024. Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Plaintiffs") brought this action against Defendants Abumayyaleh Bros LLC and Mohammad Abumayyaleh (collectively, "Defendants") for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and for alleged tortious interference with a contract under Indiana law. Plaintiffs allege that Defendants engaged in the unauthorized sale of their animal digestive health supplements. Following the execution of a private settlement agreement, the parties now jointly move for entry of their proposed consent decree.

According to the parties, the proposed consent decree "is premised" on Defendants' "representations that they have ceased the activity that is the subject of th[e] Complaint—namely, purchasing and reselling Nutramax products without [Plaintiffs'] express written

authorization." Dkt. 22 at 1. Under the terms of the proposed consent decree, Defendants are "permanently enjoined and restrained from purchasing for resale, selling, and distributing any" Nutramax product unless Plaintiffs have given their "express written authorization." Dkt. 22-1 at 1. Defendants are further directed to return "any remaining stock" to Plaintiffs within ten days of "receipt of actual notice of this Order." *Id.* at 2. Insofar as Defendants receive future returns of Plaintiffs' products, they "will notify" and "return those products" forthwith. *Id.* The terms of the proposed decree shall apply to any and all others "acting in concert with [Defendants] who receive actual notice of this Order." *Id.* The parties agree to dismiss with prejudice all remaining claims as well as those that "could have [been] asserted in this action." *Id.* They further stipulate to this Court's continued jurisdiction "to supervise and enforce" their decree. *Id.*

"A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). "A district court must approve a proposed consent decree if its terms are sufficiently connected to the underlying suit and if it is otherwise fair and reasonable." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 (S.D. Ind. 2017).

Our review of proposed consent decrees begins with "the federal policy encouraging settlement." *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). Thereafter, we must undertake and ensure that the proposed consent decree "is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985).

A "federal court is more than a recorder of contracts from whom private parties may purchase injunctions." *Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987). "As a judgment of a federal court, a consent decree 'is an exercise of federal power, enforceable by contempt.' " *Lopez-Aguilar*, 296 F. Supp. 3d at 968 (quoting *Kasper*, 814 F.2d at 338). As such, "litigants wishing the Court to issue a consent [decree] must argue why the [decree] should issue, and cannot expect the Court unreflexively to endorse their agreement with the full authority of the federal judiciary." *Metro. Life Ins. Co. v. Hanni*, No. 1:17-cv-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017). To warrant the exercise of federal judicial power, "a consent decree must '(1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based.' " *Lopez-Aguilar*, 296 F. Supp. 3d at 968 (quoting *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996)); *accord Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Additionally, "the district judge must satisfy [her]self that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338.

Unfortunately, the parties here fail to address any of the pertinent considerations for the Court's entry of their proposed consent decree: Such deficiency, in and of itself, warrants the denial of the parties' motion, as district courts do not simply "rubber stamp" litigants' proposed consent decrees. *Duncanson v. Wine & Canvas IP Holdings LLC*, No. 1:16-

CV-00788-SEB-DML, 2020 WL 2840010, at *3 (S.D. Ind. May 29, 2020); *e.g.*, *Hanni*, 2017 WL 6805318, at *2.

Several unexplained aspects of the parties' submission preclude placement of the court's imprimatur on their proposal. First, the parties have readily disclosed both that they have reached a private settlement agreement, dkt. 20, and that Defendants "ceased the activity that is the subject of th[e] Complaint," dkt. 22 at 1. These circumstances—without further explanation by the parties—cast doubt on the necessity of a *permanent* injunction, subject to the continued supervision and enforcement of the court, and, furthermore, whether the consent decree reflects "an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338.

Second, the proposed consent decree, by its terms, binds *any* third party "acting in concert" with Defendants who (somehow) "receive[s] actual notice" of a court order adopting the terms the parties' stipulated injunction. Dkt. 22-1 at 2. The parties do not address the potential "predicament faced by . . . third parties who might not have agreed to (or even been aware of) a 'proposed stipulated injunction,' yet find themselves bound by it after learning of a court order enjoining those 'in active concert or participation with' the parties or their agents." *J.P. Morgan Sec. LLC v. Kittell*, 554 F. Supp. 3d 895, 898 (W.D. Ky. 2021) (quoting Fed. R. Civ. P. 65(d)(2)). Although "the parties' consent animates the legal force of a consent decree," "parties who choose to resolve litigation through settlement . . . may not impose duties or obligations on a third party, *without that party's agreement*." *Local No. 93*, 478 U.S. at 525, 529 (emphasis added). District courts may, nevertheless, approve proposals "affect[ing] parties who did not consent" to them upon a showing that "the effect

4

. . . is neither unreasonable nor proscribed." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983). The parties could, of course, simply agree to inform any third parties whose role as such comes to their attention of the existence of this injunction. Once again, however, the parties have made no such showing.

Finally, the tendered injunction states that the Court shall retain jurisdiction for the purpose of enforcing it. "[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it." *United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988). Therefore, a provision purporting to preserve the district court's jurisdiction is "superfluous," *id.*, and "risk[s] future confusion as to our jurisdiction—where confusion is least tolerable," *Sec. & Exch. Comm'n v. New*, No. 1:18-CV-03975-SEB-MJD, 2019 WL 483710, at *2 (S.D. Ind. Feb. 7, 2019).

For the foregoing reasons, the Joint Motion for Entry of Stipulated Consent Injunction, dkt. 22, is **DENIED without prejudice**. The parties are granted leave to file an amended motion within **thirty (30) days** of the date of this Order that properly outlines their entitlement to the entry of a permanent injunction as well as addresses the concerns outlined above. Alternatively, the parties may file a Stipulation of Dismissal with prejudice, in which case the Court would *not* retain jurisdiction to enforce the parties' settlement (but such settlement would thereafter be enforceable as a contract).

IT IS SO ORDERED.

Date: 1/15/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Uly Samuel Gunn
Alston & Bird LLP
sam.gunn@alston.com

Blake P. Holler
KRIEG DEVAULT LLP (Carmel)
bholler@kdlegal.com

Jason Demian Rosenberg
Alston & Bird LLP
jason.rosenberg@alston.com